UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMION HARDY,

                Plaintiff,

-against-

LEXISNEXIS, et al.,

                Defendants.

25-CV-4716 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at USP Victorville in Adelanto, California, brings this *pro se* action under 42 U.S.C. § 1983, arising out of his 2004 arrest at JFK airport in Queens County, New York, and his subsequent federal prosecution in the United States District Court for the Eastern District of New York, see *United States v. Hardy*, No. 04-CR-0706 (E.D.N.Y. May 21, 2015). Named as Defendants are unrelated individuals and entities, including LexisNexis, United States of America, Matthew Bender and Company, the Federal Bureau of Prisons, United States Military, judges, criminal defense lawyers, and unidentified individuals. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

This action concerns Plaintiff's arrest in Queens County, New York, and subsequent prosecution in the Eastern District of New York. Although Plaintiff does not plead the residence of any of the defendants, he names defendants who do not reside in New York State. Because all the named defendants do not reside in New York, and the alleged events occurred in Queens County and Kings County,[1] from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Queens and Brooklyn, both of which fall within the Eastern District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

---

[1] Brooklyn is in Kings County.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 13, 2025
         New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge