UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DAMION HARDY,

     Plaintiff,       **MEMORANDUM AND ORDER**
              25-CV-3515 (NRM) (PK)

     -v-


LEXISNEXIS; UNITED STATES OF AMERICA;
LEXISNEXIS GROUP; MATTHEW BENDER
AND COMPANY, INC.; MATTHER BENDER
MASTER AGREEMENT; FAST FOLIO; FEDERAL
BUREAU OF PRISONS; FEDERAL BUREAU OF
PRISONS LAW LIBRARY; UNITED STATES
MILITARY; DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT; ANTHONY
SALISBURY; FRANCISCO CELEDONIO;
VIKTOR V. POHORELSKY; ESTATE OF DAVID
G. TRAGER; DAVID A. RUHNKE; LEA ANN
PRESTON-BAECHT; ROBERT SARRAZIN;
PAUL KIRK; JUDGE FREDERIC BLOCK; JEAN
D. BARRETT; BRENDAN MICHAEL WHITE,

     Defendants.
----------------------------------------------------------------x
NINA R. MORRISON, United States District Judge.

Plaintiff Damion Hardy, who is currently incarcerated at USP Victorville in

Victorville, California, brings this *pro se* action against twenty-two defendants

alleging violations of his civil rights under 42 U.S.C. § 1983.[1]  *See generally* ECF No.

1.  Plaintiff's request to proceed *in forma pauperis* is granted.  ECF No. 2.  For the

reasons discussed below, the Complaint is dismissed.

---

[1] The action was transferred to this court from the United States District Court for the Southern
District of New York.  ECF No. 5.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

2

## BACKGROUND

Plaintiff brings this action against twenty-two defendants and alleges that on August 15, 2004, he "was illegally, unlawfully and fraudulently arrested" at John F. Kennedy Airport by the United States and Department of Homeland Security after arriving on an international flight.  ECF No. 1 at 8.  He claims that although he was told that a warrant and later a civil detention writ existed, "neither warrant nor writ was ever produced" and he was transferred to Immigration and Customs Enforcement custody.  *Id.*  Plaintiff further asserts that an agent prepared an affidavit "in [his] presence at the time of the arrest" that referenced a conspiracy statute but "never charg[ed him] with the actual crime."  *Id.*  Plaintiff also argues that attorneys appointed to represent him, as well as judges, mental health professionals and prosecutors engaged in this "illegal unlawful practi[c]e as there was no charge of [a] crime to adjudicate."  *Id.* at 8–9.

Plaintiff was subsequently prosecuted in the United States District Court for the Eastern District of New York and was convicted of, *inter alia*, racketeering (18 U.S.C. § 1962(c)), racketeering conspiracy (18 U.S.C. § 1962(d)), murder (18 U.S.C. § 1959(a)(1)), murder conspiracy (18 U.S.C. § 1959(a)(5)), kidnapping (18 U.S.C. § 1959(a)(5)), and use of a firearm in furtherance of crimes of violence (18 U.S.C. § 924(c)).  *United States v. Bryant*, No. 4-CR-706 (FB) (E.D.N.Y. May 21, 2015), ECF No. 996 at 1–2.  He was sentenced to eight life terms of imprisonment, in addition to a consecutive 85-year sentence for other crimes.  *Id.* at 3.  Plaintiff's convictions and sentence were affirmed on appeal, *see United States v. Granton*, 704 F. App'x 1, 8 (2d

3

Cir. 2017) (summary order), *cert. denied*, 583 U.S.1207 (2018). Plaintiff was also denied relief under 28 U.S.C. § 2255. *See United States v. Hardy*, No. 4-CR-706, 2021 WL 4463371, at *2 (E.D.N.Y. Sep. 29, 2021).

Plaintiff seeks monetary relief.[2]  ECF No. 1 at 9.

## DISCUSSION

### I.    Claims under Section 1983 and *Bivens*

Plaintiff asserts the Court's jurisdiction under 42 U.S.C. § 1983, which allows plaintiffs to file lawsuits against state officials alleged to have violated their constitutional rights. Since Plaintiff also names federal officials, to whom Section 1983 does not apply, the Court construes the complaint as also being brought pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the United States Supreme Court found an implied right of action for an injured plaintiff to sue federal officers for damages when the officers violated the plaintiff's Fourth Amendment rights by entering his home and arresting him without a warrant. *See Bivens*, 403 U.S. at 389, 397; *see generally*, *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights.").

### II.    Plaintiff's Claims Cannot Proceed

---

[2] To the extent Plaintiff seeks to be transferred to a different prison facility, the Court lacks authority to grant such relief because placement and transfer decisions are within the discretion of the Bureau of Prisons. *See* 18 U.S.C. § 3621(b). Likewise, to the extent Plaintiff seeks to be released from custody, that is not a remedy which the Court has the authority to grant. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a petition for a writ of habeas corpus is the exclusive means for seeking the relief of immediate release from prison).

4

Plaintiff cannot challenge his criminal prosecution in this civil action under 42 U.S.C. § 1983 or *Bivens*. In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994). The underlying basis for the holding in *Heck* is "that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. *Heck* also precludes declaratory and injunctive relief, if granting such relief would imply the invalidity of the conviction or confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). This principle also applies to *Bivens* claims. *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("Given the similarity between suits under § 1983 and *Bivens*, we conclude that *Heck* should apply to *Bivens* actions as well.").

In this case, Plaintiff was convicted by a jury on April 29, 2015, and his conviction has not been overturned or otherwise invalidated. Thus, Plaintiff's claims related to his arrest, prosecution, conviction, and sentence are barred by the favorable termination rule in *Heck v. Humphrey* and are therefore dismissed.

III.    Statute of Limitations

Even if Plaintiff's claims were not barred by the favorable termination rule in *Heck*, they are time-barred. Section 1983 and *Bivens* actions filed in New York are

5

subject to a three-year statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding that state law statutes of limitations for personal injury actions apply to § 1983 claims); *Grant v. ASPCA*, No. 22-CV-775 (PKC) (LB), 2022 WL 2669926, at *2 (E.D.N.Y. July 11, 2022); *Steinbergin v. City of New York*, No. 21-CV-536, 2022 WL 1231709, at *2 (2d Cir. Apr. 27, 2022); *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). A false arrest claim alleging a violation of the Fourth Amendment, in which criminal proceedings follow the arrest, begins to run at the time the claimant becomes detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Livingston v. Mejia*, No. 20-CV-2009, 2022 WL 976808, at *4 (S.D.N.Y. Mar. 31, 2022) (noting that plaintiff's false arrest and false imprisonment claims under Section 1983 are time-barred because the action was initiated over three years after his arraignment); *Jones v. City of New York*, 846 F. App'x 22, 23 (2d Cir. 2021) (summary order).

Plaintiff filed the instant action on June 2, 2025, more than twenty years after the alleged incidents, and his claims must therefore be dismissed unless he can show that equitable tolling applies. New York allows for equitable tolling, but it is "applied only in 'rare and exceptional circumstances,' where a party was prevented from timely performing a required act and where that party 'acted with reasonable diligence throughout the period he sought to toll.'" *Jones*, 846 F. App'x at 24 (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)); *see also Philips v. Smith*, No. 19-CV-2019 (CS), 2021 WL 4224957, at *4 (S.D.N.Y. Sep. 15, 2021). Plaintiff has not alleged a basis for equitable tolling. *See, e.g.*, *Bailey v. Grant*, No. 24-CV-6044, 2024

WL 4836340, at *1 (E.D.N.Y. Nov. 20, 2024) (dismissing plaintiff's complaint as time-barred because he filed his false arrest claim beyond the three-year statute of limitations and failed to allege a basis for equitable tolling).

### CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed. 28 U.S.C. §§ 1915(e)(2)(B); 1915A.

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to file an amended complaint but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff, noting the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

*/s/ Nina R. Morrison*
Nina R. Morrison
United States District Judge

Dated: April 29, 2026
　　　Brooklyn, New York

7